# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas L. Washington, | ) | C/A No.: 1:10-1402-HFF-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| John H. McCall, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Thomas L. Washington, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is currently an inmate at the Kershaw Correctional Institution in Lancaster County. The defendant is the Warden of the Lower Savannah Pre-Release Center, where Plaintiff was previously an inmate, in Aiken County.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). For the reasons that follow, the undersigned recommends the District Court dismiss the Complaint in this case without prejudice and without issuance and service of process.

## I.  Background

While Plaintiff was an inmate at the Lower Savannah Pre-Release Center, he left his assigned job site on September 4, 2008.  Plaintiff received an institutional disciplinary charge of escape and was found guilty in a prison disciplinary hearing on September 18, 2008.

Plaintiff was served with an arrest warrant for escape (No. 2010-GS-02-00855) on February 23, 2010, and pled guilty to the charge in the Court of General Sessions for Aiken County on April 21, 2010.  Plaintiff was given a one-year sentence concurrent to his underlying sentence.  Plaintiff now contends that the second prosecution by the State of South Carolina violated the Double Jeopardy Clause.

## II.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980) (*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

III.    Discussion

Plaintiff pled guilty to escape and received a one-year sentence in the Court of General Sessions for Aiken County. A plaintiff seeking damages pursuant to § 1983 for unconstitutional imprisonment must show that his conviction has been reversed, declared invalid, or expunged. The United State Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnote omitted); *see also Woods v. Candela*, 47 F.3d 545 (2d Cir. 1995) (litigant's conviction reversed by state court in 1993; hence, civil rights action timely filed); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995), *affirmed*, 87 F.3d 108 (3d Cir. 1995).

Because Plaintiff's conviction has not been invalidated or reversed, his claim for unconstitutional imprisonment is not cognizable in a suit for damages pursuant to § 1983. Unless and until Plaintiff's conviction in the Court of General Sessions for Aiken County is set aside, any civil rights action based on the conviction, sentence, and related matters will be barred because of the holding in *Heck v. Humphrey*.

Further, Plaintiff has not raised a cognizable double jeopardy claim because prison disciplinary proceedings are not part of a criminal prosecution. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."); *see also Hudson v. United States*, 522 U.S. 93 (1997) (holding that the Double Jeopardy Clause did not bar the criminal prosecution of bank officials arising out of the same lending transactions that formed the basis for administrative penalties previously imposed by the federal Office of the Comptroller of the Currency, because the prior OCC proceedings were civil, not criminal, in nature); *United States v. Mayes*, 158 F.3d 1215 (11th Cir. 1998) (concluding that prison disciplinary sanctions imposed on inmates for a riot at the Federal Correctional Institution at Talladega, Alabama, did not bar subsequent criminal prosecutions for the same conduct).

III.    Recommendation

In accordance with the foregoing, the undersigned recommends that the District Court dismiss the above-captioned case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.


Shiva V. Hodges

June 24, 2010                                Shiva V. Hodges
Florence, South Carolina                     United States Magistrate Judge


**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).